UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Gerold Esparza Centeno,<br><br>　　Plaintiff<br><br>v.<br><br>Joe Lombardo, et al.,<br><br>　　Defendants | Case No.: 2:23-cv-01938-JAD-NJK<br><br>**Order Screening Amended Complaint and Dismissing it with Leave to Amend by August 30, 2024, and Order Denying Motion for Preliminary Injunction**<br><br>[ECF Nos. 4, 7] |

Pro se plaintiff and Nevada inmate Gerold Esparza Centeno brings this civil-rights action under 42 U.S.C. § 1983, claiming that his rights were violated when the sheriff, the district attorney, his defense lawyer, and the judges in his state-court criminal prosecution allowed him to plead guilty to a crime that they knew he did not commit. Centeno's first amended complaint ("FAC") is the operative one,[1] but all of his claims appear to be barred by the United States Supreme Court's opinion in *Heck v. Humphrey*,[2] which holds that an inmate can't challenge the fact of his confinement with a § 1983 lawsuit unless his conviction or sentence has been reversed, invalidated, expunged, or called into question by a federal court's issuance of a writ of habeas corpus. So having screened Centeno's FAC, I dismiss it in its entirety, but I give him until August 30, 2024, to file a second amended complaint if he can state a claim that is not *Heck* barred.

---

[1] ECF No. 4.

[2] *Heck v. Humphrey*, 512 U.S. 477 (1994).

**Background**

**A.     Centeno's factual allegations[3]**

Centeno alleges that he was charged with several different sexual offenses in the and threatened with serving life in prison.[4] The defendants—former Sheriff (and now Governor) Joe Lombardo; District Attorney Steve Wolfson; Eighth Judicial District Court Judges Stephanie Miley and Michelle Leavitt; Psychologist L.A. Dils; and defense attorney Kenneth G. Frizzell III, his law firm, and his investigator "Mr. Rowles"—conspired to allow Centeno to plead guilty to attempted sexual assault and attempted lewdness, even though that was in direct conflict with the witness statement and physical evidence. He theorizes that the defendants knew that he was not guilty of an attempt crime because an attempt crime requires that the crime was attempted but that the attempt failed. Centeno appears to argue that the defendants had indisputable evidence that the sexual assault occurred, and therefore the defendants should not have allowed him to plead guilty to an attempt.[5]

Centeno separately alleges that the original criminal case was sealed and a second criminal case opened in order to conceal that Centeno's uncle was a suspect.[6] Defendant Frizzell was Centeno's defense counsel, but Centeno alleges that Frizzell withheld exculpatory evidence in order to send Centeno to prison for a crime that he did not commit.[7] For his part, defendant Lombardo, who was the sheriff at the time, instructed detectives to ignore other suspects; District Attorney Wolfson sealed case records and filed ex parte motions to obtain Centeno's medical

---

[3] This is just a brief summary of the plaintiff's allegations and not intended as findings of fact.
[4] ECF No. 4 at 4.
[5] *Id.* at 4–5.
[6] *Id.* at 6.
[7] *Id.* at 7.

2

records and then seal them;[8] and psychologist L.A. Dils issued a psychosexual evaluation that falsely stated that Centeno told her that, if he were released, he would "do it again." That was a lie, and it was written only to prejudice the judge.

**B.  Plaintiff's causes of action**

Based on these events, Centeno brings a due-process claim, an equal-protection claim, and a claim of cruel and unusual punishment.[9]  He seeks damages, a release from custody, and to have his pending state-court prosecution vacated.[10]

## Discussion

**A.  Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[11]  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[12]  All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact.  This includes claims based on legal conclusions that are untenable, like claims against defendants who are

---

[8] Although the FAC is not entirely clear, I construe it as alleging (1) that Centeno did not commit any crime at all but that somebody committed a sexual assault and (2) various defendants withheld exculpatory evidence and allowed Centeno to plead guilty to an attempted sexual assault even though they knew that he could not be guilty of an attempted sexual assault.
[9] *Id.* at 4–7.
[10] *Id.* at 8.
[11] *See* 28 U.S.C. § 1915A(a).
[12] *See* 28 U.S.C. § 1915A(b)(1)(2).

immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[13]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[14] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[15] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[16] but a plaintiff must provide more than mere labels and conclusions.[17] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[18] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[19]

**B.   Centeno cannot challenge his state-court conviction with a § 1983 lawsuit.**

The law is clear that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement"; he must instead seek federal habeas corpus relief or other appropriate state-court relief. So, in *Heck v. Humphrey*, the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for

---

[13] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[14] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[15] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[16] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[17] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[19] *Id*.

4

other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."[20] "A claim for damages bearing that relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983."[21] "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[22]

      Centeno appears to allege that the defendants violated his rights by allowing him to plead guilty to a crime that they knew he did not commit and by hiding exculpatory evidence, which would render his resulting conviction invalid. Centeno also alleges that his presentence-investigation report was deliberately falsified to prejudice the judge against him, which would also potentially invalidate his sentence. Thus, all of Centeno's claims appear to necessarily imply the invalidity of either his conviction or his sentence, triggering *Heck*.

      Because Centeno's money-damages claims implicate *Heck*, he must plead facts showing that a court has already overturned his conviction or sentence. His first amended complaint lacks such allegations, so I dismiss his claims as *Heck*-barred. To the extent that Centeno requests that his criminal conviction be vacated and that he be released from custody, he must seek that relief

---

[20] *Heck*, 512 U.S. 486–87.
[21] *Id.* at 487.
[22] *Id.*

by filing a proper habeas corpus petition; such relief is not available through this civil-rights lawsuit.

### C. Centeno has until August 30, 2024, to file a second amended complaint if he can overcome the *Heck* bar.

It does not appear that Centeno can plead true facts showing that his sentence or conviction has been overturned so that he can get past this *Heck* bar. Centeno is currently pursing habeas relief in federal court, and according to a document that he filed on May 14, 2024, all his appeals and habeas corpus petitions in state court have been unsuccessful.[23] But in light of Centeno's pro se status, and because it is not entirely clear what claims Centeno is trying to bring, I grant him one last chance to state a cognizable claim.

Should he take this opportunity to file a second amended complaint, Centeno must either allege facts clearly demonstrating that his conviction or sentence have already been overturned, or he must clearly explain what claims he is bringing that do not implicate the validity of his conviction or sentence. He is also advised that a second amended complaint replaces the FAC, so the second amended complaint must be complete in itself.[24] Centeno must file the second amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "Second Amended Complaint." Centeno must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in

---

[23] *Centeno v. Bean*, Case No. 2:23-cv-02130-APG-EJY at ECF No. 10. I take judicial notice of the court's records in that case.

[24] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

each count, he should allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights. He must file the second amended complaint by August 30, 2024.

**D.      Centeno is not entitled to injunctive relief.**

Centeno has also filed a motion for a preliminary injunction.[25] In it, he alleges that he continues to be illegally held. He states that he has court orders vacating his sentence and release, but the defendants continue to conspire to illegally hold him. He states that his motion to be brought to court on January 4, 2024, to be released suddenly disappeared and that his motion to vacate his illegal sentence was illegally altered and classified as a rogue motion.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right."[26] "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[27]

To the extent that Centeno is seeking release from prison, he can't get that relief through this case—he has to seek it through a habeas corpus petition in state or federal court. Even if that relief were available, it appears that it is unwarranted. Although Centeno suggests in his motion that he has a court order to vacate his sentence and release him, he also acknowledges in his federal habeas case that all his appeals and state habeas corpus actions have been denied. But the most compelling reason that his request for injunctive relief must be denied is that Centeno has

---

[25] ECF No. 7.

[26] *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008).

[27] *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

not yet pled a viable claim, so he cannot demonstrate a likelihood of success on the merits of any cause of action. Centeno's motion for a preliminary injunction is therefore denied.

## Conclusion

IT IS THEREFORE ORDERED that **the first amended complaint (ECF No. 4) is the operative complaint in this case, and it is dismissed in its entirety, without prejudice and with leave to amend by August 30, 2024.**[28]

**The Clerk of the Court is directed to SEND** plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his first amended complaint (ECF No. 4). **If Centeno chooses to file a second amended complaint, he must use the approved form and he must write the words "Second Amended"** above the words "Civil Rights Complaint" in the caption, and **he must file that second amended complaint by August 30, 2024, or this case will be dismissed with prejudice and closed without further prior notice.**

IT IS FURTHER ORDERED that plaintiff's motion for a preliminary injunction **(ECF No. 7) is DENIED**.

Dated: July 30, 2024

_____
U.S. District Judge Jennifer A. Dorsey

---

[28] The court is aware that Centeno's application to proceed in forma pauperis remains pending. *See* ECF No. 18.